IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-28-D

GLADYS A. JONES, )
 )
        Plaintiff, )
 )
v. ) **ORDER**
 )
SOUTHEASTERN REGIONAL )
MEDICAL CENTER, )
 )
        Defendant. )

On March 30, 2018, Gladys A. Jones ("Jones" or "plaintiff"), proceeding pro se, filed a complaint against Southeastern Regional Medical Center ("Southeastern" or "defendant"), seeking relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. [D.E. 5]. On October 9, 2018, Southeastern moved to dismiss Jones's complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 19], and Southeastern filed a memorandum in support [D.E. 20]. On October 22, 2018, Jones responded [D.E. 21]. As explained below, the court grants Southeastern's motion to dismiss.

I.

From approximately 2001 until June 26, 2017, Southeastern employed Jones as an Anesthesia Technician. See Compl. [D.E. 5] 5; [D.E. 20] 1. Beginning in May 2017, Jones alleges that several Southeastern employees harassed her at work. Compl. at 5. For example, Jones alleges that these individuals harassed her concerning the amount of time that she spent with the anesthesiologists and in assisting new Certified Registered Nurse Anesthetists ("CRNA"). Id. In addition, Jones alleges that her supervisors intended to terminate her employment for allegedly

conducting medical work outside the scope of Jones's certification, but her supervisors did not terminate her once they realized that Jones was a certified phlebotomist. Id. Jones also alleges that Southeastern employees, including her immediate supervisors, falsely accused her of stating that she would shoot a CRNA if Southeastern terminated her employment. Id.

On June 26, 2017, after Jones complained about her hostile work environment, Southeastern terminated her employment. Id. On August 29, 2017, Jones filed a charge with the EEOC. Id. On November 20, 2017, Jones received a Notice of Right to Sue letter from the EEOC. Id. Jones alleges that Southeastern's actions violate Title VII and the ADEA. Id. at 3.

On August 2, 2018, the court notified Jones that she had failed to serve Southeastern with a summons and a copy of her complaint within 90 days of filing her complaint. See [D.E. 8]. The court directed Jones to show good cause for her failure to comply with Rule 4 of the Federal Rules of Civil Procedure within fourteen days and warned her that the court would dismiss Southeastern without prejudice if she failed to do so. Id. Although Jones believed that she had effected service of process on August 14, 2018, see [D.E. 10], Southeastern did not receive the summons or a complete copy of Jones's complaint. See [D.E. 20] 3; Anderson Aff. [D.E. 19-1] ¶¶ 4–5; Schram Aff. [D.E. 19-2] ¶¶ 6–9. On October 9, 2018, Southeastern moved to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 19].

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief

that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Title VII of the Civil Rights Act of 1964 requires a person to exhaust her administrative remedies by filing a charge with the EEOC concerning the alleged discrimination before filing suit in federal court. See 42 U.S.C. § 2000e-5(e)(1); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009). A person must do so within 180 days of each alleged violation. See 42 U.S.C. § 2000e-5(e)(1); Jones, 551 F.3d at 300. A person must also file suit within 90 days of receiving a Notice of Right to Sue from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). The ADEA has similar requirements.

3

See Kerr v. McDonald's Corp., 427 F.3d 947, 951–53 (11th Cir. 2015); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993); Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653–54 (4th Cir. 1987); 29 U.S.C. § 626(e); 29 C.F.R. § 1626.18(a)–(c).

As for Southeastern's motion to dismiss pursuant to Rule 12(b)(6), Southeastern argues that Jones's action is time barred because she failed to file her complaint within 90 days of receiving a Notice of Right to Sue letter from the EEOC. See [D.E. 20] 4–6. On November 20, 2017, Jones received a Notice of Rights to Sue letter from the EEOC. See Compl. at 5; [D.E. 20] 6; [D.E. 1-2]. However, because the 90th day was Sunday, February 18, 2018, and Monday, February 19, 2018, was a legal holiday, the final day for Jones to file her complaint was Tuesday, February 20, 2018. See Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); Wirtz v. Peninsula Shipbuilders Assoc., 382 F.2d 237, 239 (4th Cir. 1967). On February 20, 2018, Jones filed a motion for leave to proceed in forma pauperis ("IFP") and a proposed complaint. See [D.E. 1]; [D.E. 1-1]. The IFP application tolled the 90-day statute of limitations until the court ruled on it. See, e.g., Truitt v. Cty. of Wayne, 148 F.3d 644, 647–48 (6th Cir. 1998); Williams-Guice v. Bd. of Educ., 45 F.3d 161, 164–65 (7th Cir. 1995); Jarrett v. U.S. Sprint Commc'ns Co., 22 F.3d 256, 259 (10th Cir. 1994).

On March 26, 2018, this court denied the IFP application [D.E. 4], and the 90-day clock resumed running. See Truitt, 148 F.3d at 647–48; Williams-Guice, 45 F.3d at 164–65. Jones did not file suit until March 30, 2018. Therefore, Jones failed to meet the 90-day deadline. Although the 90-day deadline is not jurisdictional,[1] nothing in the record warrants equitable tolling. See, e.g.,

---

[1] See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (en banc).

4

Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95–96 (1990); Hallstrom v. Tillamook Cty., 493 U.S. 20, 27 (1989); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002); Harvey, 813 F.2d at 654. Accordingly, Jones's Title VII and ADEA claims are untimely, and the court grants Southeastern's motion to dismiss under Rule 12(b)(6).

Alternatively, a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process, which is "fundamental to any procedural imposition on a named defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999); see Fed. R. Civ. P. 12(b)(5); Pitts v. O'Geary, 914 F. Supp. 2d 729, 733 (E.D.N.C. 2012). Absent waiver of service of process or consent, a plaintiff's failure to effect proper service of process deprives the court of personal jurisdiction over a defendant. See, e.g., Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998); FDIC v. Schaffer, 731 F.2d 1134, 1135–36 (4th Cir. 1984); Cherry v. Spence, 249 F.R.D. 226, 228–29 (E.D.N.C. 2008). A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants. See Scott v. Md. State Dep't of Labor, 673 F. App'x 299, 304 (4th Cir. 2016) (per curiam) (unpublished); Pitts, 914 F. Supp. 2d at 733.

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). If "a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure to effect timely service of process. Fed. R. Civ. P. 4(m); see Martinez v. United States, 578 F. App'x 192, 193–94 (4th Cir. 2014) (per curiam) (unpublished); Lescs v. Martinsburg Police

Dep't, 119 F. App'x 505, 506 n.* (4th Cir. 2005) (per curiam) (unpublished).

Although courts should liberally construe the requirements of the Federal Rules of Civil Procedure if a defendant has actual notice of a suit against it, "plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see Scott, 673 F. App'x at 304. Pro se litigants are not exempt from the Federal Rules of Civil Procedure. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Hansan v. Fairfax Cty. Sch. Bd., 405 F. App'x 793, 794 (4th Cir. 2010) (per curiam) (unpublished); Danik v. Hous. Auth. of Balt. City, 396 F. App'x 15, 16 (4th Cir. 2010) (per curiam) (unpublished); Robertson v. Beacon Sales Acquisition, No. GJH-16-3241, 2018 WL 2464455, at *3 (D. Md. May 31, 2018) (unpublished).

As for Southeastern's motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, Jones failed to effect timely and proper service of process. First, Jones failed to include any copy of the summons. See Schram Aff. ¶ 7; [D.E. 19-2] 4–7. Under Rule 4(c)(1), a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Service of a complaint without the summons is insufficient. See, e.g., id.; Murphy Bros., 526 U.S. 350–51; Pitts, 914 F. Supp. 2d at 733; Cherry, 249 F.R.D. at 228; 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093 (4th ed. 2018) (collecting cases). Indeed, the failure to include the summons is fatal. See Murphy Bros., 526 U.S. at 350–51; Pitts, 914 F. Supp. 2d at 733. Second, Jones failed to include a complete copy of the complaint. See Schram Aff. ¶ 8; [D.E. 19-2] 4–7. "Service of a partial complaint is insufficient." Cherry, 249 F.R.D. at 229; see, e.g., Patterson v. Brown, No. 3:06-CV-476, 2008 WL 219965, at *9–11 (W.D.N.C. Jan. 24, 2008)

6

(unpublished), rev'd in part sub nom. Patterson v. Whitlock, 392 F. App'x 185 (4th Cir. 2010) (per curiam) (unpublished). Thus, Jones failed to effect proper service of process under Rule 4(c)(1) within 90 days of filing her complaint.

In opposition, Jones argues that the court should exercise its discretion to deny Southeastern's motion to dismiss in light of Jones's pro se status and her mistaken belief that she effected proper service of process. See [D.E. 21] 2–3. The court rejects this argument. As noted, a pro se litigant's status or mistake does not excuse that litigant from the Federal Rules of Civil Procedure. See, e.g., Murphy Bros., 526 U.S. at 350–51; Hansan, 405 F. App'x at 794; Danik, 396 F. App'x at 16; Robertson, 2018 WL 2464455, at *3. Moreover, the record does not suggest any external circumstance that caused Jones to fail to effect proper service of process. See, e.g., Chen v. Mayor & City Council of Balt., 292 F.R.D. 288, 293–94 (D. Md. 2013). Finally, Jones does not show any excusable neglect that would justify a discretionary extension of the time period for effecting service of process. See Henderson v. United States, 517 U.S. 654, 662–63 (1996); Hansan, 405 F. App'x at 793–94; Mendez v. Elliot, 45 F.3d 75, 79 (4th Cir. 1995). Accordingly, the court lacks personal jurisdiction over Southeastern because Jones failed to effect timely and proper service of process, and Southeastern has not consented to personal jurisdiction. See, e.g., Koehler, 152 F.3d at 306; Schaffer, 731 F.2d at 1135–36; Cherry, 249 F.R.D. at 228–29.

III.

In sum, the court GRANTS Southeastern's motion to dismiss [D.E. 19] and DISMISSES the complaint without prejudice.

SO ORDERED. This _2_ day of January 2019.

JAMES C. DEVER III
United States District Judge

7